**CHEN CHUN WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales [1], Respondents.**

No. 04–3156–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

H. Colby Lane, Assistant United States Attorney, Southern District of Mississippi, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**SUMMARY ORDER**

Chen Chun Wang, a citizen of the Peoples' Republic of China, petitions for review of a final order of the BIA affirming the decision of Immigration Judge ("IJ") Sandy K. Hom which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court generally reviews only the BIA's credibility determination, but when the BIA adopts the IJ's decision with no opinion, this Court will review the decision of the IJ directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307 (internal quotations omitted).

While it appears that the IJ's analysis of the petitioner's credibility may have been flawed in several respects, the major inconsistency that the IJ identified is supported by substantial evidence. Accordingly, because we can confidently predict that the IJ would have reached that same determination even in the absence of those flaws, we will uphold the IJ's adverse credibility determination. *See Xiao Ji Chen v.*

*U.S. Dept. of Justice,* 434 F.3d 144, 159–61 (2d Cir.2006).

First, while this Court has noted that Department of State reports "often provide a useful and informative overview of conditions in the applicant's home country," this Court has also explained that an IJ must not place "excessive reliance" on these reports in discrediting contrary evidence presented by the applicant. *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). The IJ did appear to rely excessively on the portion of the country report that indicated that only a fine would be assessed and to ignore without explanation the countervailing evidence in the very same report that harsher penalties might be imposed. In that respect the IJ's reasoning was flawed.

Second, the IJ's finding that Wang testified that his illegal departure would result only in fines and/or incarceration was incorrect. Wang testified explicitly that he feared he would be beaten up. In this respect as well, the IJ was in error.

Nonetheless, the crucial factor that the IJ relied on in her decision to deny Wang relief was the fact that Wang's statements in his airport interview were inconsistent with his later statements at the credible fear interview and at the removal hearing. This Court has noted that when airport statements and later testimony present "materially different accounts" of the alleged persecution, and the inconsistencies go to the heart of the asylum claim, the alien's testimony can properly be considered incredible. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180–82 (2d Cir. 2004). The agency has a corresponding duty to "closely examine each airport interview before concluding that it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether an alien is credible." *Id.* at 179. As we have instructed, the

following four factors should be considered in determining reliability of the airport statements: (1) whether the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript, (2) whether the questions posed to the applicant seem designed to elicit the details of an asylum claim, (3) whether the applicant appears to have been reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences in his or her home country, and (4) whether the applicant's answers to the questions posed suggest that he or she did not understand English or the translations provided by the interpreter. *Id.* at 179–80. They do not need to be assessed in every case, however, and the Court may find an airport interview to be reliable with regard to these factors in its own analysis even though the agency did not consider them. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–397 (2d Cir.2005).

An independent review of the interview transcript reveals that it is reliable. Specifically, (1) the record of the interview is a verbatim account, (2) the questions posed to Wang, notably, e.g., "Why did you leave China?" and "Again, why are you in the United States?" were designed to elicit the details of an asylum claim, (3) there was no indication that Wang was reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences, and (4) the transcript notes that a translator was present at the interview. *See Ramsameachire,* 357 F.3d at 179–80. Thus, Wang's failure in his airport interview to make any mention of his alleged political actions being reasons for his departure from China is a legitimate and significant discrepancy on which the IJ could rely to determine that Wang's claimed fear of persecution was not credible. This discrepancy was central to Wang's claim and casts serious doubt on whether it was truly his motivation for leaving or if, in fact, he had any reason to fear harm from the Chinese government.

The IJ's decision to deny withholding of removal based on the finding made as to the asylum claim was also proper, as the only evidence of a threat to Wang's life or freedom depended upon his credibility regarding his political activities. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). The IJ's decision to deny CAT relief on a finding that Wang had not demonstrated that he would be tortured if returned to China was also proper. *See Ramsameachire,* 357 F.3d at 184 (the agency is required to consider "all evidence of possible torture proffered by the alien, regardless of the weight it accords the alien's testimony.")

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).